**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| RICHARD DAWSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 05-CV-567-TCK-SAJ |
| ) | |
| LENORA JORDAN, Warden, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

Before the Court is Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1). Petitioner challenges his conviction and sentence entered in Tulsa County District Court, Case No. CF-2003-4540. Respondent filed a response (Dkt. # 11) to the petition, and provided copies of the state court record (Dkt. # 12) for the Court's use in evaluating Petitioner's claims. Petitioner did not file a reply. For the reasons discussed below, the Court finds the petition should be denied.

### *BACKGROUND*

At approximately 5:00 a.m. on the morning of September 26, 2003, Robert and Joyce Bolton were asleep at their home, located in Tulsa County. They were awakened by the sound of crashing glass. They both jumped out of bed and proceeded down the hall with Robert in the lead. Joyce turned on the light in the hallway. At the end of the hallway stood an intruder. He was wearing gloves and a stocking-mask over his face and carried a 3 foot long two-by-two board. A struggle ensued. The intruder hit both Robert and Joyce with the board and twice demanded money. Joyce returned to the bedroom to call 911, but the phone line was dead. She was able, however, to use her cell phone to call 911. As Robert continued to struggle with the intruder, his mask fell off. Robert

returned to the bedroom, closed the door, and used his body to brace the door to keep the intruder out of the bedroom. By the time police officers arrived, the intruder had fled from the Bolton's home. A K-9 unit was dispatched to the scene. The police dog was able to track the scent and found Petitioner, Richard Dawson, hiding in five (5) foot tall weeds at the edge of a field about 300 yards from the Bolton residence. He was wearing gloves and had a stocking-mask in his pocket.

Petitioner was arrested, charged by amended information, and convicted by a jury of First Degree Burglary (Count 1), and Attempted Robbery by Fear (Count 2), both after former conviction of two felonies, in Tulsa County District Court, Case No. CF-2003-4540. He was sentenced to eighty (80) years imprisonment on Count 1, and one hundred (100) years imprisonment on Count 2, with the sentences to be served consecutively. Petitioner was represented at trial by Assistant Public Defenders Travis Grafe and Shena Burgess.

Petitioner appealed his convictions and sentences to the Oklahoma Court of Criminal Appeals ("OCCA"). Represented by Assistant Public Defender Stephen Greubel, Petitioner raised four (4) propositions of error on direct appeal:

| | |
|---|---|
| Proposition I: | Appellant Dawson's Fifth Amendment right was violated when police twice questioned him after he had refused to waive his *Miranda* rights. |
| Proposition II: | The in-court identification of Appellant Dawson by the Boltons as the only individual in the courtroom whose physical appearance approximated that of the intruder/assailant deprived Appellant Dawson of his Fourteenth Amendment right to due process of law. |
| Proposition III: | The trial court improperly instructed the jury it could convict on Count One if it found essential elements of an offense for which Appellant Dawson was not on trial. |
| Proposition IV: | The trial court improperly punished Appellant Dawson with consecutive sentences for two counts which penalized the same conduct. |

(Dkt. # 11, Ex. A). In an unpublished summary opinion, filed June 3, 2005, in Case No. F-2004-404, the OCCA rejected Petitioner's claims and affirmed the Judgment and Sentence of the trial court (Dkt. # 11, Ex. C). Petitioner indicates in his petition that he did not seek *certiorari* review in the United States Supreme Court. Petitioner did not file an application for post-conviction relief in the state courts.

On September 28, 2005, Petitioner, appearing *pro se*, filed his federal habeas corpus petition (Dkt. # 1), along with a supporting brief (Dkt. # 2). In his petition, Petitioner identifies four (4) grounds for relief, as follows:

> Ground 1: Appellant's Fifth Amendment rights were violated.
>
> Ground 2: Victims failed to identify Appellant's face.
>
> Ground 3: Court gave improper jury instructions.
>
> Ground 4: Double jeopardy.

(Dkt. # 1). In his supporting brief, Petitioner identifies his propositions of error using the same wording found in his direct appeal brief.

In response to the petition, Respondent argues that the OCCA properly denied Petitioner's grounds 1, 2, and 4, and that the claim raised in ground 3 is not cognizable in a habeas corpus proceeding. (Dkt. # 11). As stated above, Petitioner did not file a reply to Respondent's response.

*ANALYSIS*

**A.    Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c).  See Rose v. Lundy, 455 U.S. 509, 510 (1982). Respondent concedes, and the Court agrees, that the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied in this case.

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing.  See Michael Williams v. Taylor, 529 U.S. 420 (2000).

**B.    Claims adjudicated by OCCA**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions.  Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001).  When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner.  See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002).  Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing

evidence." 28 U.S.C. § 2254(e)(1). In this case, the OCCA adjudicated all four (4) grounds of error on direct appeal. Therefore, to the extent those claims are cognizable in a federal habeas corpus proceeding, they shall be reviewed pursuant to § 2254(d).

### 1. Improper admission of confessions (ground 1)

As his first ground for relief, Petitioner asserts that statements he made to police officers were obtained in violation of the Fifth Amendment and were improperly admitted at trial. See Dkt. # 2. This claim was rejected by the OCCA on direct appeal. The OCCA found as follows:

> after being arrested, taken to the police station, and advised of his *Miranda* rights by one officer, Appellant declined to speak about the investigation but did not request a lawyer. Moments later, another officer, aware of Appellant's decision, asked him a question directly related to the investigation and clearly intended to elicit an incriminating response. We agree that police did not "scrupulously honor" Appellant's choice not to answer questions, and that the one incriminating statement he made while waiting to be booked in should have been suppressed. However, we find the error harmless beyond a reasonable doubt, because Appellant's more detailed confession to a police detective a few hours later, after being reminded of his *Miranda* rights and agreeing to be interviewed, was properly admitted. *Michigan v. Mosley*, 423 U.S. 96, 103, 96 S.Ct. 321, 326, 46 L.Ed.2d 313 (1975); *Storm v. State*, 1987 Ok Cr 82, ¶¶ 8-9, 736 P.2d 1000, 1002; *Brownfield v. State*, 1983 OK CR 125, ¶¶ 7-8, 668 P.2d 1165, 1167.

(Dkt. # 11, Ex. C at 2). Respondent asserts that because the OCCA's rejection of this claim on direct appeal is not contrary to Supreme Court precedent, § 2254(d) prevents the granting of federal habeas relief on this issue.

On direct appeal, Petitioner challenged the admission of two (2) separate statements: one made to Officer Spradlin and one made to Detective Nolen. The record reflects that while Petitioner was handcuffed and in custody at Uniform Division East, Officer Spradlin engaged Petitioner in conversation after Petitioner had been read his Miranda[1] rights and after he had declined to give a

---

[1]   Miranda v. Arizona, 384 U.S. 436 (1966).

5

written statement. See Dkt. # 12, Tr. Trans. at 527-28, 530, 550-51. This occurred around 6:40 a.m. Id. at 534. Officer Spradlin testified that he asked Petitioner why he "hit" that house. Id. at 550. Over defense counsel's objection, see id. at 551, Officer Spradlin was allowed to testify that Petitioner told him that he knew someone who knew the Boltons and that they were supposed to have a lot of money. Id.

Detective Nolen also testified at Petitioner's trial. He stated that later in the morning of September 26, 2003, around 8:20 a.m., after Petitioner had been transported to the detective division, he read Petitioner his Miranda rights. Id. at 586. Petitioner stated he understood his rights, signed the notification of rights waiver, and agreed to talk to Detective Nolen about the events of September 26, 2003. Id. at 586-87. During his interview with Detective Nolen, Petitioner confessed to the burglary of the Bolton residence and his attempt to rob the Boltons using a club or stick while demanding money. Id. at 579, 590-93.

In this habeas action, Petitioner fails to demonstrate that the OCCA's adjudication of this claim was contrary to, or an unreasonable application of, federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d). The one statement made to Officer Spradlin was improperly admitted in violation of Petitioner's rights under the Fifth Amendment because Officer Spradlin did not honor Petitioner's decision to remain silent made only a few minutes earlier. Michigan v. Mosley, 423 U.S. 96, 104 (1975) (concluding that "the admissibility of statements obtained after the person in custody has decided to remain silent depends under Miranda on whether his 'right to cut off questioning' was 'scrupulously honored'"). However, his subsequent confession to Detective Nolen, made approximately two (2) hours later after he had again been advised of his rights under Miranda and had signed a notification of rights waiver, was properly admitted and purged any taint resulting

6

from the improperly admitted testimony. Wong Sun v. United States, 371 U.S. 471, 487-88 (1963) (appropriate question is whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint).  Nothing suggests that the police officers in any way exploited Petitioner's remark to Officer Spradlin to obtain Petitioner's confession to Detective Nolen.

Furthermore, as indicated above, the OCCA ruled that the improper admission of Officer Spradlin's testimony was "harmless beyond a reasonable doubt" in light of Petitioner's subsequent and more detailed confession to Detective Nolen.  See Dkt. # 11, Ex. C. Upon independent review of the state court record, this Court finds that Petitioner's confession to Detective Nolen was admissible and, since it exceeded in scope the single statement made by Petitioner to Officer Spradlin, the error in admitting Petitioner's statement to Officer Spradlin did not have a "substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 623 (1993); see also Herrera v. Lemaster, 301 F.3d 1192 (10th Cir. 2002).  Petitioner is not entitled to habeas corpus relief on this claim.

### 2. Improper in-court identification (ground 2)

As his second proposition of error, Petitioner alleges that his in-court identification by the victims was prejudicial resulting in a denial of due process.  See Dkt. # 2. The record reflects that at trial, neither Robert nor Joyce Bolton positively identified Petitioner as the intruder based on his face. See Dkt. # 12, Tr. Trans. at 384, 440. However, over defense counsel's objection, the prosecutor was allowed to ask the Boltons whether anyone in the courtroom matched the physical characteristics of the intruder. Id. They both answered in the affirmative and indicated that the

defendant, Richard Dawson, matched the intruder's physical characteristics. Id. On direct appeal, Petitioner challenged the trial court's admission of the identification testimony. The OCCA rejected the claim, finding as follows:

> we find nothing improperly suggestive or misleading about the victims' testimony. They admitted being unable to positively identify Appellant as the assailant; their testimony merely reiterated that his physical characteristics reasonably matched their descriptions of the assailant immediately after the crime. The limited value of this identification testimony was apparent to the jury. We find no error here, particularly in light of the strong evidence of Appellant's guilt. *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); *Powell v. State*, 2000 OK CR 5, ¶ 95, 995 P.2d 510, 531, *cert. denied*, 531 U.S. 935, 121 S.Ct. 321, 148 L.Ed.2d 258; *McDoulett v. State*, 1984 OK CR 81, ¶ 9, 685 P.2d 978, 980.

(Dkt. # 11, Ex. C at 2-3). Respondent asserts that because the OCCA's rejection of this claim on direct appeal is not contrary to Supreme Court precedent, § 2254(d) prevents the granting of federal habeas relief on this issue.

As the Supreme Court stated in Manson v. Brathwaite, 432 U.S. 98 (1977), "the admission of testimony concerning a suggestive and unnecessary identification procedure does not violate due process so long as the identification possesses sufficient aspects of reliability." Id. at 106. A reliability determination requires an inquiry into the totality-of-the-circumstances. Neil v. Biggers, 409 U.S. 188, 196 (1972). The Court finds that even if the OCCA unreasonably applied the holding of Biggers, Petitioner's claim fails because any error in allowing the identification testimony was harmless. See Kennaugh v. Miller, 289 F.3d 36, 48 (2d Cir. 2002) (declining to determine whether a state court unreasonably applied clearly established federal law because any error by the state court "in failing to test directly the reliability of [the witness's identification] testimony was harmless"). In Brecht v. Abrahamson, 507 U.S. 619 (1993), the Supreme Court stated that habeas relief is

improper unless the error had a "substantial and injurious effect or influence in determining the jury's verdict." Id. at 623 (internal quotation marks omitted).

Based on Brecht, the Court finds Petitioner is not entitled to habeas corpus relief on this claim. The weaknesses surrounding the victims' identification testimony were presented to the jury through defense counsel's cross-examination of Robert Bolton and other witnesses. See Dkt. # 12, Tr. Trans. at 401-09, 599-602. Moreover, the evidence was sufficient to convict Petitioner of the offenses. Kennaugh, 289 F.3d at 48 (finding any error in admission of an in-court identification testimony harmless where evidence of guilt was powerful and credibility and reliability of witness's in-court identification were challenged on cross examination of the witness). Petitioner was apprehended shortly after police arrived at the scene. See Dkt. # 12, Tr. Trans. at 493. He was hiding in a field only a short distance from the Boltons' home. Id. at 484, 487. Police found a stocking-mask in his pocket. Id. at 512. Consistent with the Boltons' descriptions, he was wearing white gloves, blue jeans, and a blue shirt. Id. at 509. In addition to that evidence, Petitioner confessed to committing the crimes. Id. at 590-93. Considering the totality of the circumstances, there is no substantial likelihood of prejudice to Petitioner caused by the limited identification provided by victims Robert and Joyce Bolton. Any error in admission of the identification testimony did not have a "substantial and injurious effect or influence in determining the jury's verdict." Brecht, 507 U.S. at 623. Petitioner is not entitled to habeas corpus relief on this claim.

### 3. Erroneous instructions (ground 3)

As his third proposition of error, Petitioner alleges that there was a variance between the crime charged in the amended information and the instructions given to the jury. Specifically, Petitioner complains that for the crime of First Degree Burglary, the amended information included

the element of intent "to commit the crime of robbery" while the jury instruction included the element as intent "to commit some crime therein." See Dkt. # 2. Because Petitioner failed to object to the instruction, the OCCA reviewed for plain error when considering this claim. The OCCA found no plain error, and held as follows:

> Oklahoma's First Degree Burglary statute does not require the State to allege, or, consequently, the jury to specify, a particular crime that the accused intended to commit inside the dwelling. 21 O.S.2001, § 1431; *Newsom v. State*, 1988 OK CR 229, ¶¶ 17-20, 763 P.2d 135, 139-140. Because Appellant fails to demonstrate how he was prejudiced by the court's instructions, no relief is warranted. *Id.* at ¶ 20, 763 P.2d at 140.

(Dkt. # 11, Ex. C at 3). In response to the petition, Respondent asserts that this claim concerns a matter of state law and is not cognizable in a federal habeas proceeding.

A federal habeas court has no authority to review a state court's interpretation or application of its own state laws. Estelle v. McGuire, 502 U.S. 62, 67-8 (1991) (emphasizing that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions). Instead, when conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. Id. Accordingly, to the extent Petitioner's ground three challenge to the trial court's jury instructions requires review of state law, the claim is not cognizable in this federal habeas corpus proceeding and should be denied on that basis.

Furthermore, a habeas corpus petitioner "bears a 'great burden . . . when [he] seeks to collaterally attack a state court judgment based on an erroneous jury instruction.'" Lujan v. Tansy, 2 F.3d 1031, 1035 (10th Cir. 1993) (quoting Hunter v. New Mexico, 916 F.2d 595, 598 (10th Cir. 1990)). "[E]rrors in jury instructions in a state criminal trial are not reviewable in federal habeas corpus proceedings, 'unless they are so fundamentally unfair as to deprive petitioner of a fair trial

and to due process of law.'" Nguyen v. Reynolds, 131 F.3d 1340, 1357 (10th Cir. 1997) (quoting Long v. Smith, 663 F.2d 18, 23 (6th Cir. 1981)); see also Maes v. Thomas, 46 F.3d 979, 984 (10th Cir. 1995). "The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal." Henderson v. Kibbe, 431 U.S. 145, 154 (1977). "The question in such a collateral proceeding is 'whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process,' not merely whether 'the instruction is undesirable, erroneous, or even universally condemned.'" Id. (quoting Cupp v. Naughten, 414 U.S. 141, 146, 147 (1973)).

The Court has reviewed the record in this case and finds that Petitioner's jury was made fully aware that Petitioner was charged with the intent to commit robbery as an element of First Degree Burglary. See Dkt. # 11, Ex. F. The evidence produced at trial, including Petitioner's confession, coupled with the instructions on burglary and robbery by fear, convince this Court that Petitioner's jury was not misled by language contained in the instruction that Petitioner had to have the "intent to commit some crime therein." See Dkt. # 11, Ex. F, Instruction No. 22. Petitioner's trial was not rendered fundamentally unfair by the instructions issued in this case. Petitioner is not entitled to habeas relief on this claim.

**4. Double punishment claim not cognizable (ground 4)**

Petitioner asserts in his fourth ground for relief that he was punished twice for the same criminal conduct. On direct appeal, he asserted that his convictions violated the prohibition against double punishment found in Okla. Stat. tit. 21, § 11. He did not allege that his convictions violated

the prohibition against double jeopardy contained in the United States Constitution. The OCCA rejected the double punishment claim, finding as follows:

> the acts constituting the burglary were completed before Appellant fought with the homeowners and repeatedly demanded money from them; his convictions for both First Degree Burglary and Attempted Robbery were not based on the same act, and thus do not constitute double punishment. 21 O.S.2001, §§ 11, 791, 1431; *Davis v. State*, 1999 OK CR 48, ¶ 12, 993 P.2d 124, 126.

(Dkt. # 11, Ex. C at 3).

Petitioner's claim that he suffered double punishment in violation of Oklahoma law shall be denied because it is not cognizable on federal habeas corpus review. As discussed above, a federal habeas court has no authority to review a state court's interpretation or application of its own state laws. Estelle v. McGuire, 502 U.S. 62, 67-8 (1991) (emphasizing that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions). Instead, when conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. Id.; 28 U.S.C. §§ 2241. Petitioner's double punishment claim, based on Oklahoma law, is not cognizable in this federal habeas corpus proceeding and shall be denied on that basis.

In his petition, see Dkt. # 1, Petitioner uses the term "double jeopardy" to identify this claim. To the extent Petitioner raises a claim that his convictions violate the double jeopardy provisions of the United States Constitution, the claim has never been presented to the state courts and is, therefore, unexhausted. However, this Court is authorized to deny the claim even though it is unexhausted. 28 U.S.C. § 2254(b)(2). Petitioner's convictions for both First Degree Burglary and Attempted Robbery by Fear do not violate double jeopardy under the "same-elements test" of Blockburger v. United States, 284 U.S. 299, 304 (1932). Under Blockburger, multiple convictions

do not violate double jeopardy if each offense requires proof of an element not contained in the other. United States v. Dixon, 509 U.S. 688, 696 (1993). Oklahoma law provides that different elements are required to prove burglary and robbery, compare Okla. Stat. tit. 21, § 1431 (setting forth elements of burglary in first degree) with id. § 791 (setting forth elements of robbery). Therefore, it is not a violation of double jeopardy to charge a defendant with both crimes based on a single criminal episode. Cannon v. State, 827 P.2d 1339, 1342 (Okla. Crim. App. 1992). Petitioner is not entitled to habeas corpus relief on this claim.

## *CONCLUSION*

After careful review of the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States. His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that** the petition for a writ of habeas corpus (Dkt. # 1) is **denied**. A separate Judgment shall be entered in this case.

**DATED** this 10th day of April, 2009.

_____
TERENCE KERN
UNITED STATES DISTRICT JUDGE